Case 2:13-cv-00085-ABJ   Document 20   Filed 07/29/13   Page 1 of 7

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 JUL 29 PM 1 32

STEPHAN HARRIS, CLERK
CHEYENNE

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

| | |
|---|---|
| Kevin D. Bloom<br><br>Plaintiff,<br><br>v.<br><br>Laramie County School District No. 1 ex rel. Board of Trustees of Laramie County School District No. 1 et al.,<br><br>Defendants. | Case No. 13–CV–85–ABJ |

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

After Kevin Bloom was allegedly constructively discharged from his position as an employee of Laramie County School District No. 1, he brought suit asserting a federal procedural due process claim and various state-law claims. Defendants filed a motion to dismiss. The Court GRANTS Defendants' motion to dismiss Mr. Bloom's procedural due process claim because his complaint does not contain sufficient facts to support a plausible claim that Defendants deprived him of a property right in continued employment. The Court also DISMISSES Mr. Bloom's state-law claims WITHOUT PREJUDICE because it declines to exercise supplemental jurisdiction over those claims.

## FACTS

In December 2000, Kevin Bloom started working for Laramie County School District No. 1 as the assistant program administrator for Nutrition Services. He served under annual employment contracts and signed a new one every year. The last one he signed stated, "[t]he term of this contract shall be July 1, 2011 through June 30, 2012." Defs.' Mem. Ex. 1 at ¶ 1, ECF No. 6.[1] It also stated, "[t]his contract does not confer tenure." *Id.* ¶ 2.

During the term of this contract, the school district hired Lena Harris-Wilson as the program administrator for Nutrition Services. In that capacity, she served as Mr. Bloom's supervisor and gave him very low marks on her first performance evaluation of him. This, as it turns out, was but a harbinger of things to come.

According to the complaint, Ms. Harris-Wilson was a terrible boss. Mr. Bloom claims she repeatedly beat him down with rude comments, ignored his suggestions and comments, purposefully kept him uninformed, berated him in front of other employees, and made it clear early on that she wanted him removed from his employment. It got so bad Mr. Bloom had to take FMLA leave for "situational depression" brought on by Ms. Harris-Wilson's behavior.

---

[1] Exhibit 1 of Defendants' brief is a copy of the contract, which was not included in the complaint. Generally, when a party presents matters outside the pleadings in a Rule 12(b)(6) motion, the court must convert the motion to one for summary judgment. Fed. R. Civ. P. 12(d). However, an exception to that rule allows the court to consider a document outside the pleadings if (1) the complaint refers to the document, (2) the document is central to the plaintiff's claims, and (3) the document's authenticity is not disputed. *See Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 521 (10th Cir. 2013). Here, because Mr. Bloom's contract satisfies those three criteria, this Court may consider it without converting Defendants' motion to one for summary judgment.

When Mr. Bloom returned to work, things didn't get any better. On his next evaluation, Mr. Harris-Wilson rated Mr. Bloom's performance in most categories as "not acceptable" and told Mr. Bloom she would not be recommending renewal of his contract. She then advertised Mr. Bloom's job as vacant and started interviewing people to fill it. All this proved too much for Mr. Bloom—he involuntarily resigned effective at the end of June 2012.

Mr. Bloom then sued the school district, its Board of Trustees, Ms. Harris-Wilson, and two other school district administrators (collectively, "Defendants"), alleging he was constructively discharged from his employment. He asserts a § 1983 claim for violation of procedural due process, claiming Defendants deprived him of a constitutionally protected property interest in the renewal of his employment contract. He also asserts state-law claims for breach of contract, breach of the implied covenant of good faith and fair dealing, tortious interference with a contract, and wrongful termination.

Defendants have now filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Regarding Mr. Bloom's procedural due process claim, Defendants argue, among other things, that the complaint lacks sufficient facts to support a plausible claim that Mr. Bloom had a property interest in continued employment. On Mr. Bloom's supplemental state-law claims, they argue he can't satisfy at least one of the elements in each of those claims.

The Court will discuss the standard of review before turning to Mr. Bloom's due process claim. It will then discuss his supplemental state-law claims. A brief conclusion follows.

## STANDARD OF REVIEW

In *Ashcroft v. Iqbal*, the Supreme Court articulated a two-step approach for district courts to use when considering a motion to

dismiss. *See* 556 U.S. 662, 679 (2009). Step one: The court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id. Iqbal* clarified "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Step two: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The Court has stated, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility lies somewhere between possibility and probability; a complaint must establish more than a mere possibility that the defendant acted unlawfully but doesn't need to establish that the defendant probably did so. *See id.* Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

### I. The § 1983 claim for violation of procedural due process.

Mr. Bloom's procedural due process claim can survive Defendants' motion only if his complaint contains sufficient facts to support a plausible claim of entitlement to renewal of his employment contract. *See Brown v. Indep. Sch. Dist. No. I-06 of McCurtain Cnty.*, 974 F.2d 1237, 1239 (10th Cir. 1992) (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985)). Property interests "are created and their dimensions are de-

fined by an independent source such as state statutes or rules entitling the citizen to certain benefits." *Goss v. Lopez*, 419 U.S. 565, 572–73 (1975) (internal quotation marks omitted). Thus, Mr. Bloom's complaint must point to some source that supports a plausible claim of entitlement to renewal of his contract. *See Brown*, 974 F.2d at 1239.

To that end, the complaint points to three sources—the terms of Mr. Bloom's employment contract, the school district's employee handbook, and the previous renewals of Mr. Bloom's contract. *See* Am. Compl. ¶¶ 22, 24, ECF No. 12. None of these sources supports a plausible claim of entitlement to contract renewal.

The terms of Mr. Bloom's contract did not create a property right to renewal. The contract specifically provided that Mr. Bloom's employment would end on June 30, 2012. Defs.' Mem. Ex. 1 at ¶ 1, ECF No. 6; *cf. Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 578 (1972) (concluding that professor had no property right in renewal of his annual contract, in part, because the contract specifically provided that his employment would end on June 30). The contract also provided, "[t]his contract does not confer tenure." Defs.' Mem. Ex. 1 at ¶ 2, ECF No. 6. In light of this nontenure provision, it's not surprising the contract nowhere provides for renewal. *Cf. Roth*, 408 U.S. at 578 ("[The professor's contract] made no provision for renewal whatsoever."). Thus, the terms of Mr. Bloom's contract did not create any property right to renewal.

Mr. Bloom alleges that the school district's employee handbook also created an entitlement to renewal of his contract. But the complaint doesn't point to a particular provision or even a general section of the handbook creating a property interest in contract renewal. Thus, the bare allegation that the handbook created a property interest is conclusory, is not entitled to the assumption of truth, and fails to support a plausible claim of enti-

tlement to renewal. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

That leaves Mr. Bloom's argument that the previous renewals of his contract created a property right in renewal. Tenth Circuit precedent forecloses that argument: "[A]n individual cannot claim a property right in renewal of a contract based only on previous renewals of it." *Brown v. Indep. Sch. Dist. No. I-06 of McCurtain Cnty.*, 974 F.2d 1237, 1240 (10th Cir. 1992).

In short, Mr. Bloom's complaint does not contain sufficient facts to support a plausible claim of entitlement to renewal of his employment contract. That dooms his procedural due process claim. The Court therefore grants Defendants' motion to dismiss that claim.

## II. The supplemental state-law claims.

Having dismissed Mr. Bloom's sole federal claim, the next question is what to do with his supplemental state-law claims.

A district court may decline to exercise jurisdiction over supplemental state-law claims if, as here, the court has dismissed all claims over which it has original jurisdiction. *See* 28 U.S.C. § 1367(c)(3). The Tenth Circuit has held that if the court dismisses the federal claims before trial it should not exercise supplemental jurisdiction over the state-law claims unless there are compelling reasons to do so. *Thatcher Enters. v. Cache Cnty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

Here, having dismissed Mr. Bloom's sole federal claim at the pleadings stage, there doesn't appear to be any compelling reason to adjudicate his state-law claims. The parties haven't yet poured their resources into this case. Indeed, they haven't even begun discovery. And the Court is sensitive to those notions of comity, federalism, and fairness that counsel leaving the resolution of state claims to state courts versed in state law. *See*

*United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). The Court therefore declines to exercise supplemental jurisdiction over Mr. Bloom's state-law claims.

## CONCLUSION

Because Mr. Bloom's complaint does not contain sufficient facts to support a plausible claim of entitlement to renewal of his employment contract, the Court GRANTS Defendants' motion and DISMISSES Mr. Bloom's procedural due process claim WITH PREJUDICE. The Court declines to exercise supplemental jurisdiction over Mr. Bloom's state-law claims and DISMISSES those claims WITHOUT PREJUDICE.

Dated this 29th day of July, 2013.

Alan B. Johnson
United States District Judge